IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY HUGHLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:14cv7-WHA |
| | ) | (WO) |
| LUTHER STRANGE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I. INTRODUCTION

This case is before the court on Alabama prisoner Johnny Hughley's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on December 31, 2013. Doc. No. 1. In June 2012, Hughley pled guilty in the Circuit Court of Lee County to violating the Community Notification Act, § 15-20-26, Ala. Code 1975. That court sentenced him as a habitual felony offender to 15 years in prison. In his § 2254 petition, Hughley contends that the trial court improperly relied on prior unconstitutionally obtained convictions to enhance his sentence under Alabama's habitual offender statute. For the reasons explained below, the undersigned finds that Hughley's petition entitles him to no relief and that it should therefore be dismissed.

## II. DISCUSSION

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally

requires that a petitioner bring his § 2254 claims within one year of the date on which his criminal judgment becomes final.[1] Under the AEDPA, a judgment is considered "final" upon expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).

On June 26, 2012, pursuant to a plea agreement, Hughley pled guilty in the Lee County Circuit Court to violating the Community Notification Act, § 15-20-26, Ala. Code

---

[1] Title 28 U.S.C. § 2244(d) of the AEDPA provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

1975. On that same date, the trial court sentenced Hughley under Alabama's recidivist statute, as a habitual offender with at least three prior felony convictions, to 15 years in prison.[2].

Under the Alabama Rules of Appellate Procedure, Hughley had 42 days from his sentencing, or until August 7, 2012, to file a timely notice of appeal. *See* Ala.R.App.P. 4(b)(1). However, he did not file a notice of appeal until March 1, 2013. Consequently, the Alabama Court of Criminal Appeals dismissed his appeal as untimely. Because the time for Hughley to file an appeal ("the time for seeking [direct] review") expired on August 7, 2012, his conviction became "final" on that date. *See* 28 U.S.C. § 2244(d)(1)(A); Ala.R.App.P. 4(b)(1); *McCloud v. Hooks,* 560 F.3d 1223, 1227 (11th Cir. 2009) ("A conviction is final at the conclusion of direct review or the expiration of the time for seeking such review."). Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period Hughley had to file his § 2254 petition regarding his June 2012 conviction commenced on August 7, 2012, and expired one year later, i.e., on August 7, 2013, unless that deadline was extended through tolling.

The AEDPA provides that the one-year limitation period is tolled for the time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, Hughley had no state post-conviction petition attacking his 2012 conviction

---

[2] The sentence was split for time served, with placement on five years' supervised probation

pending before any state court at any time between August 7, 2012, and August 7, 2013. Therefore, he is entitled to no tolling under 28 U.S.C. § 2244(d)(2).

Nor do any tolling provisions in 28 U.S.C. § 2244(d)(1)(B)-(D) provide safe harbor for Hughley so that the federal limitation period commenced on some date other than August 7, 2012. There is no evidence that any unconstitutional or illegal state action impeded Hughley from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Hughley presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Hughley submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

In rare circumstances, the federal limitation period may be equitably tolled on grounds apart from those specified in the habeas statute where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida.*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Hughley has brought forth no evidence demonstrating he is entitled to equitable

tolling, and this court knows of no reason that would support tolling of the limitation period in this case.

Because Hughley is entitled to neither statutory tolling nor equitable tolling, his § 2254 petition had to be filed by August 7, 2013, to be timely. His petition was not filed until December 31, 2013, and it is therefore untimely.

**B. *Lackawanna***

Even if Hughley's § 2254 petition had been timely filed, which it was not, he would not be entitled to federal habeas corpus relief.

In his petition, Hughley presents claims attacking the validity of several prior felony convictions used to enhance his current sentence under Alabama's habitual offender statute. In particular, he challenges (1) a 1990 Lee County conviction for unlawful possession of cocaine; (2) a 1987 Chambers County, Alabama, conviction for second-degree rape; and three 1998 convictions (entered in the same proceeding in the United States District Court for the Middle District of Alabama) on federal charges of possession of counterfeit currency, passing counterfeit currency, and possessing a firearm after having been convicted of a felony. *See* Doc. No. 1 at 2-5. It is undisputed that Hughley's sentence for each of these prior convictions fully expired before he filed the instant § 2254 petition. Hughley maintains, however, that because the prior convictions were used to enhance his current sentence, he is entitled to attack the expired convictions through his § 2254 petition. *Id*.

District courts have jurisdiction to entertain § 2254 petitions only from petitioners who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); *see also* 18 U.S.C. § 2241(c)(3); *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000). In *Maleng v. Cook*, 490 U.S. 488 (1989), the Supreme Court held that § 2254's "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." 490 U.S. at 490-91. Under *Maleng*, where a petitioner's sentence has fully expired, he does not meet the "in custody" requirement, and the mere *possibility* that the prior conviction will be used to enhance a sentence imposed for any subsequent crime is not enough to render him "in custody." *Id*. at 492 (emphasis added).

The Supreme Court has acknowledged, however, that when a § 2254 petition could be construed as asserting a challenge to a current sentence that *actually* was enhanced by the allegedly invalid prior conviction, the petitioner is "in custody" for purposes of federal habeas jurisdiction. *Maleng*, 490 U.S. at 493-94. Still, even though a petitioner may be "in custody" under these circumstances, the mere fact that a prior conviction was used to enhance a current sentence does not entitle the prisoner to challenge the prior conviction. In *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394 (2001), the Supreme Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to

> enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id*. at 403-04 (citation omitted); *see also Daniels v. United States*, 532 U.S. 374, 382-84 (2001). An exception to this general rule occurs *only* when the prior conviction was obtained by proceedings where the petitioner was not appointed counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Lackawanna*, 532 U.S at 404-06; *see also Daniels*, 532 U.S. at 382-84. Moreover, a petitioner seeking relief under this exception must also satisfy the procedural prerequisites for § 2254 relief. *Lackawanna*, 532 U.S at 404.

Here, the exception to the general rule is not present, because the record does not show that Hughley was not appointed counsel in violation of the Sixth Amendment in any of the proceedings related to the prior convictions used to enhance his current sentence. Therefore, Hughley cannot challenge his current sentence on the ground that his prior convictions were unconstitutionally obtained. *Lackawanna*, 532 U.S. at 404-06; *Daniels*, 532 U.S. at 381. This, in every important respect, is the end of the matter.

What is more, Hughley cannot satisfy the procedural prerequisites for § 2254 relief. *See Lackawanna*, 532 U.S at 404. As already stated in this Recommendation, Hughley's challenge as to his 2012 conviction and sentence is untimely. Moreover, he has procedurally defaulted his claims challenging the trial court's allegedly improper reliance on his prior

convictions to enhance his current sentence, because he failed to raise these claims in the state court and does not demonstrate cause for such failure. Finally, he has filed several previous habeas petitions in this court attacking his 1990 Lee County conviction for cocaine possession and his 1987 Chambers County conviction for second-degree rape, and he was denied relief in those proceedings.[3] Therefore, any subsequent § 2254 petition challenging those prior convictions amounts to a successive petition filed without the required authorization of the Eleventh Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(2) & § 2244(b)(3)(A)-(C). And while Hughley also appears to challenge his 1998 federal convictions in this court, a collateral attack on a federal conviction is properly brought in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, not in a habeas petition under 28 U.S.C. § 2254. At any rate, Hughley has filed several previous § 2255 motions in this court attacking his 1998 federal convictions, and he was denied relief in those proceedings.[4] Any subsequent § 2255 motion challenging those prior convictions would

[3] *See, e.g.*, *Hughley v. Hightower, et al.*, Civil Action No. 3:99cv218-WHA (M.D. Ala. 2001); *Hughley v. Lammana, et al.*, Civil Action No. 3:04cv734-MHT (M.D. Ala. 2004); *Hughley v. Collins*, Civil Action No. 3:08cv102-MHT (M.D. Ala. 2008); *Hughley v. Burton, et al.*, Civil Action No. 3:93cv718-REV (M.D. Ala. 1995); *Hughley v. Jordan, et al.*, Civil Action No. 3:03cv1037-MHT (M.D. Ala. 2004); *Hughley v. Collins*, Civil Action No. 3:08cv116-WHA (M.D. Ala. 2008).

[4] *See, e.g., United States v. Hughley*, Case Nos. 3:98cr43-MHT & 3:98cr97-MHT (M.D. Ala. 2002); *Hughley v. United States*, Civil Action No. 3:06cv28-MHT (M.D. Ala. 2006); *Hughley v. Collins*, Civil Action No. 3:08cv101-WKW (M.D. Ala. 2008); *Hughley v. United States*, Civil Action No. 3:09cv296-MHT (M.D. Ala. 2009); *Hughley v. United States*, Civil Action No. 3:09cv1110-MHT (M.D. Ala. 2010); *Hughley v. United States*, Civil Action No. 3:11cv895-MHT

(continued...)

amount to a successive motion, requiring that Hughley first obtain authorization from the Eleventh Circuit to file such a motion. *See* 28 U.S.C. § 2244(b)(3)(A) & § 2255(h).

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Hughley's petition for writ of habeas corpus be DENIED and this case dismissed with prejudice, because (1) the petition is time-barred under 28 U.S.C. § 2244(d) and (2) Hughley establishes no basis for federal habeas corpus relief.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before February 22, 2016. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th

[4](...continued)
(M.D. Ala. 2011).

Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 5th day of February, 2016.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE