IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY HUGHLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:14-cv-007-WHA |
| | ) | |
| LUTHER STRANGE, et al., | ) | (WO) |
| | ) | |
| Respondents. | ) | |

**<u>ORDER</u>**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #21), and the Petitioner's Objection (Doc. #22). The court has conducted an independent evaluation and *de novo* review of the file in this case and, having done so, concludes that the objection is without merit.

In June 2012, Hughley pled guilty in the Circuit Court of Lee County to violating the Community Notification Act, §15-20-26, Ala. Code 1975. That court sentenced him as a habitual felony offender to 15 years in prison. As stated in the Magistrate Judge's Recommendation, that conviction became final on August 7, 2012 – giving Hughley until August 7, 2013, to file a timely § 2254 petition, absent tolling. Hughley establishes no basis for tolling. He filed his § 2254 petition on December 31, 2013. Therefore, as stated in the Recommendation, his attack on his Community Notification conviction is untimely.

In his objections, Hughley maintains he had a Rule 32 petition pending in state court while the federal statute of limitations was running, tolling the federal statute of limitations under § 2244(d)(2). However, the Rule 32 petition he refers to was directed at a different state

conviction, in a different county (Chambers, not Lee). As such, it did not toll the federal statute of limitations under § 2244(d)(2) for his Lee County Community Notification conviction.

Hughley also alleges that an old (1987) second-degree rape conviction that was the sex offense underlying his current Community Notification conviction (but not his habitual offender sentence enhancement) was set aside by order of a trial judge in 2014, some 27 years after the conviction was entered (and also after the sentence on that conviction had been served). Even if this is so, nothing in the record reflects that the alleged ruling in the second-degree rape case resulted in the overturning of Hughley's Community Notification conviction attacked in his instant § 2254 petition. And it must be assumed that the Community Notification conviction has not been overturned, else Hughley would say as much (and this § 2254 case would be moot).

Nothing in the record indicates that a state court has set aside Hughley's Community Notification conviction. As stated in the Magistrate Judge's Recommendation, that conviction became final in August 2012, the statute of limitations expired in August 2013, and Hughley's attack on that judgment is untimely.

Hughley attempts to evade the time-bar by challenging several state and federal convictions used to sentence him as a habitual offender for the Community Notification conviction. His sentences for those prior convictions have fully expired, and he fails to meet the exception to *Maleng v. Cook*, 490 U.S. 488 (1989), recognized in *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394 (2001), because he was represented by counsel for all prior convictions used to enhance his current sentence. As also noted in the Recommendation, Hughley has on numerous prior occasions sought to attack those old convictions in state and federal court, and further attacks on those convictions would be procedurally barred as successive.

Therefore, it is hereby ORDERED as follows:

1. Petitioner's objection is OVERRULED.

2. The court ADOPTS the Recommendation of the Magistrate Judge, and this petition for writ of habeas corpus is DENIED, as the petition is time-barred under 28 U.S.C. § 2244(d), and Hughley establishes no basis for federal habeas corpus relief.

3. This case is DISMISSED with prejudice.

DONE this 26th day of April, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE